

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | |
|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | DIVISION OF STATE COUNSEL<br>LITIGATION BUREAU |

Writer's Direct Dial: (212) 416-8118

January 2, 2019

**Via ECF & Fax (914) 390-4179**
Hon. Nelson S. Román
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Re: Baptiste v. Griffin, 18 CV 7274(NSR)**

Dear Judge Román:

This Office represents Defendants Griffin, Cocuzza, and Nagy ("Defendants")[1], current and former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), in the above-captioned case. We are writing pursuant to Your Honor's Individual Rules Section 3(A) (ii) to respectfully request a pre-motion conference concerning Defendants' proposed motion to dismiss the Complaint. (Dkt. No. 2).

Plaintiff, an inmate in the custody of DOCCS, alleges that his Eighth Amendment rights were violated on August 3, 2015, when Correction Officer ("C.O.") Nagy released chemical agents into the West Mess Hall at Green Haven Correctional Facility ("Green Haven") in response to two inmates fighting. Plaintiff alleges various physical and emotional injuries.

**Defendants Griffin and Cocuzza are not Alleged to Have Been Personally Involved**

Plaintiff fails to allege that Defendants Griffin and Cocuzza were personally involved in a constitutional violation, which is a "prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Plaintiff also has no cause of action against these Defendants for their roles as supervisors because the doctrine of respondeat superior does not establish liability for money

---

[1] We would not seek to dismiss the Eighth Amendment excessive force claim against defendant Nagy on the pleadings in this proposed motion to dismiss.

Page 2

January 2, 2019

damages under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); accord Wright, 21 F.3d at 501. The supervisory liability claim against Defendants Griffin and Cocuzza should be dismissed because they were not personally involved in any constitutional violation. Plaintiff does not allege that Defendants Griffin or Cocuzza were directly or indirectly involved in the alleged improper deployment of the chemical agent.

**Defendants Griffin and Cocuzza are Entitled to Qualified Immunity**

Plaintiff's allegations should also be dismissed on the grounds of qualified immunity because Plaintiff has failed to allege (1) a constitutional violation; (2) of a clearly established right; (3) and that even if there was a constitutional violation of a clearly established right, that it would not have been "objectively reasonable" for the Defendants to believe that their conduct was lawful. Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (citing Taravella v. Town of Wolcott, 599 F.3d 129, 133-34 (2d Cir. 2010)). Plaintiff has failed to allege that Defendants Griffin and Cocuzza were personally involved in the violation of a federal right that was clearly established at the time of the alleged incident. Therefore, they are entitled to qualified immunity. See Iqbal, 556 U.S. at 672-73; Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135-36 (2d Cir. 2013) (holding that a defendant's lack of personal involvement in alleged constitutional violations entitles him to qualified immunity).

**Any Official Capacity Claims for Damages Must be Dismissed**

To the extent Plaintiff alleges § 1983 claims against Defendants in their official capacities, such claims must be dismissed. It is well settled that a plaintiff cannot sue state officers in their official capacities for monetary damages under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989) (a State is not a "person" within the meaning of § 1983); see also Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002). A suit under § 1983 against a state official in his or her official capacity is deemed to be against the State, and is thus barred. See Will, 491 U.S. at 71; Huminski v. Corsones, 386 F.3d 116, 133 (2d Cir. 2004).

**Plaintiff is not entitled to Any Injunctive Relief**

Plaintiff's request for injunctive relief should be denied. (Complaint, ¶ Damages, p. 22). To obtain permanent injunctive relief, plaintiff must establish that he will suffer irreparable harm should the injunction be denied, as well as actual success on the merits of his claim. See Ognibene v. Parkes, 671 F.3d 174, 182 (2d Cir. 2012). Irreparable harm requires an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir.1999) (internal quotation marks omitted)). The standard for a permanent injunction is essentially the same as for a preliminary injunction, except that a plaintiff must establish actual success on the merits for permanent injunctive relief rather than a likelihood of success on the merits for preliminary injunctive relief. See Amoco Prod. Co. v. Vill. of Gambell, AK, 480 U.S. 531, 546 n. 12 (1987).

Here, Plaintiff fails to allege facts to plausibly establish that he will suffer any actual injury if this relief is denied. To constitute irreparable harm, an injury must be actual and imminent, not

Page 3

January 2, 2019

merely possible. Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005) (injury cannot be "remote nor speculative, but actual and imminent"). Plaintiff offers nothing but speculation as to future reprisals. (Complaint, ¶ Damages, p. 22). However, speculation of future injury is not sufficient to establish an entitlement to the relief requested. Freed Holdings, Inc., 408 F.3d at 114. In any event, Plaintiff's request for such an injunction is barred by the Eleventh Amendment because there is no alleged ongoing constitutional violation. See Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 255 (2011). Accord, e.g., Henrius v. Cty. of Nassau, No. 13 Civ. 1192, 2016 WL 1171598, at *4 (E.D.N.Y. Mar. 24, 2016) (Eleventh Amendment barred plaintiff's claims for injunctive relief where there was no on ongoing violations of federal law). Here, there is no ongoing constitutional violation alleged and the Court thus lacks subject matter jurisdiction over the injunction claims. Id. Moreover, the requested injunction is too vague to be entertained. Clark v. DiNapoli, 510 F. App'x 49, 51 (2d Cir. 2013). Therefore, Plaintiff's claim for injunctive relief should be denied.

We thank the Court for its consideration in this matter.

Respectfully Submitted,

/s/
Julinda Dawkins
Assistant Attorney General

To:  Michael Baptiste
     Green Haven Correctional Facility
     594 Route 216
     Stormville, NY 12582
     (via First Class Mail with copies of unpublished cases cited)