UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MALCOLM BAPTISTE,

                Plaintiff,

  - against -

                                                                       18 CV 7274 (NSR)

THOMAS GRIFFIN, et al.,

                Defendants.

----------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO PARTIALLY DISMISS THE COMPLAINT**


                                       LETITIA JAMES
                                       Attorney General of the State of New York
                                       <u>Attorney for Defendants</u>
                                       28 Liberty Street
                                       New York, New York 10005
                                       (212) 416-8118


Julinda Dawkins
Assistant Attorney General
    <u>Of Counsel</u>

## TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................. ii

PRELIMINARY STATEMENT .................................................................................................1

FACTS ...........................................................................................................................................2

STANDARD OF REVIEW ..........................................................................................................4

ARGUMENT .................................................................................................................................5

POINT I    DEFENDANTS GRIFFIN AND COCUZZA WERE NOT PERSONALLY
           INVOLVED IN ANY ALLEGED CONSTITUTIONAL DEPRIVATIONS .........5

POINT II   PLAINTIFF'S CLAIMS FOR MONETARY DAMAGES AGAINST
           DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE BARRED
           BY THE ELEVENTH AMENDMENT ..................................................................8

POINT III  PLAINTIFF'S INJUNCTIVE RELIEF CLAIM FAILS ........................................8

POINT IV   DEFENDANTS GRIFFIN AND COCUZZA ARE ENTITLED TO
           QUALIFIED IMMUNITY ......................................................................................9

CONCLUSION............................................................................................................................11

## TABLE OF AUTHORITIES

**Case**                                                                                                                    **Page(s)**

Alsaifullah v. Furco,
　No. 12 Civ. 2907, 2013 WL 3972514 (S.D.N.Y. Aug. 2, 2013) .................................................7

Amoco Prod. Co. v. Vill. of Gambell, AK,
　480 U.S. 531 (1987)..................................................................................................................9

Ashcroft v. Iqbal,
　556 U.S. 662 (2009)...........................................................................................................passim

Ayers v. Coughlin,
　780 F.2d 205 (2d Cir. 1985).......................................................................................................5

Bell Atlantic Corp. v. Twombly,
　550 U.S. 544 (2007)..................................................................................................................4

Bellamy v. Mount Vernon Hosp.,
　No. 07 Civ. 1801, 2009 WL 1835939 (S.D.N.Y. June 26, 2009), aff'd, 387 Fed.
　Appx. 55 (2d Cir. 2010) ............................................................................................................5

Burns v. Griffin,
　No. 16 Civ. 782 (VB), 2018 WL 3059655 (S.D.N.Y. June 20, 2018).....................................7-8

Clark v. DiNapoli,
　510 Fed. Appx. 49 (2d Cir. 2013) ..............................................................................................9

Colon v. Coughlin,
　58 F.3d 865 (2d Cir. 1995).....................................................................................................5-7

Faulk v. N.Y. City Dep't of Corr.,
　No. 08 Civ. 01668, 2014 WL 239708 (S.D.N.Y. Jan. 21, 2014)................................................7

Forest City Daly Housing, Inc. v. Town of North Hempstead,
　175 F.3d 144 (2d Cir. 1999).......................................................................................................9

Freedom Holdings, Inc. v. Spitzer,
　408 F.3d 112 (2d Cir. 2005).......................................................................................................9

Gonzalez v. City of Schenectady,
　728 F.3d 149 (2d Cir. 2013).....................................................................................................10

Grullon v. City of New Haven,
　720 F.3d 133 (2d Cir. 2013).......................................................................................................5

Harris v. Mills,
   572 F.3d 66 (2d Cir. 2009)..................................................................................................4

Hayden v. Paterson,
   594 F.3d 150 (2d Cir. 2010)................................................................................................4

Henrius v. Cty. of Nassau,
   No. 13 Civ. 1192, 2016 WL 1171598 (E.D.N.Y. Mar. 24, 2016) ......................................9

Huminski v. Corsones,
   386 F.3d 116 (2d Cir. 2004)................................................................................................8

Kentucky v. Graham,
   473 U.S. 159 (1985) ............................................................................................................8

Mateo v. Fischer,
   682 F. Supp. 2d 423 (S.D.N.Y. 2010).................................................................................7

McNaughton v. de Blasio,
   No. 14 Civ. 221, 2015 WL 468890 (S.D.N.Y. Feb. 4, 2015).............................................7

Ognibene v. Parkes,
   671 F.3d 174 (2d Cir. 2012)................................................................................................8

Olutosin v. Lee,
   No. 14 Civ. 685, 2016 WL 2899275 (S.D.N.Y. May 16, 2016).........................................6

Pearson v. Callahan,
   555 U.S. 223 (2009)..........................................................................................................10

Poe v. Leonard,
   282 F.3d 123 (2d Cir. 2002) .............................................................................................10

Richardson v. Goord,
   347 F.3d 431 (2d Cir. 2003)................................................................................................7

Rothenberg v. Daus,
   No. 08 Civ. 567, 2015 WL 1408655 (S.D.N.Y. Mar. 27, 2015) ........................................6

Samuels v. Fischer,
   168 F. Supp. 3d 625 (S.D.N.Y. 2016).............................................................................6-7

Sanders v. City of New York,
   No. 14 Civ. 6156, 2016 WL 1023318 (S.D.N.Y. Mar. 8, 2016) ........................................7

Sealey v. Giltner,
    116 F.3d 47 (2d Cir. 1997)...........................................................................................7

Spavone v. NYS Dep't of Corr. Servs.,
    719 F.3d 127 (2d Cir. 2013).......................................................................................10

Spear v. Hugles,
    No. 08 Civ. 4026, 2009 WL 2176725 (S.D.N.Y. July 20, 2009) ................................6

Styles v. Goord,
    431 Fed. Appx. 31 (2d Cir. 2011)................................................................................7

Taravella v. Town of Wolcott,
    599 F.3d 129 (2d Cir. 2010).......................................................................................10

Virginia Office for Prot. & Advocacy v. Stewart,
    563 U.S. 247 (2011)....................................................................................................9

Will v. Michigan Dep't of State Police,
    491 U.S. 58 (1989)......................................................................................................8

**UNITED STATES CONSTITUTION**

Eighth Amendment .................................................................................................................1

Eleventh Amendment.......................................................................................................1, 8-9

**FEDERAL STATUTES**

42 U.S.C.
    § 1983..................................................................................................................passim

**FEDERAL RULES**

Federal Rules of Civil Procedure
    12(b)(6) .......................................................................................................................1

**PRELIMINARY STATEMENT**

Defendants, Thomas Griffin, Robert Cocuzza, and Michael Nagy ("Defendants")[1], current and former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), by their attorney, LETITIA JAMES, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion to partially dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

Plaintiff, an inmate in the custody of DOCCS, alleges that his Eighth Amendment rights were violated on August 3, 2015, when Correction Officer ("C.O.") Nagy released chemical agents into the West Mess Hall at Green Haven Correctional Facility ("Green Haven") after two inmates began fighting. Plaintiff alleges that for an hour he was not allowed to remove the chemical agents' residue from his clothes and body. Plaintiff further alleges that he suffered physical and emotional injuries following his exposure to the chemical agent.

Defendants move to dismiss the supervisory liability claim against Defendants Griffin and Cocuzza because they were not personally involved in any constitutional violation. The Complaint is devoid of any facts sufficient to indicate that these Defendants were personally involved in the creation or continuation of the situation of which Plaintiff complains. Plaintiff merely states in conclusory language, with no factual support, that these Defendants should be liable under Section 1983. Additionally, the Eleventh Amendment bars any claims against Defendants Griffin, Cocuzza, and Nagy in their official capacities, and Plaintiff is not entitled to any injunctive relief against Defendants Griffin, Cocuzza, and Nagy because Plaintiff has not alleged any irreparable harm and cannot demonstrate a likelihood of success on the merits. Finally, Defendants Griffin and Cocuzza, at a minimum, are entitled to qualified immunity on Plaintiff's claims because Plaintiff has failed to allege that Defendants Griffin and Cocuzza were personally involved in the

---

[1] Defendants do not move to dismiss the Eighth Amendment excessive force claim against C.O. Nagy.

violation of a federal right that was clearly established at the time of the alleged incident.

## FACTS[2]

Plaintiff, Malcolm Baptiste, DIN 96-A-4708, alleges that on August 3, 2015, while in Green Haven's West Mess Hall and sitting down to breakfast, a fight broke out between two other inmates inside the West Mess Hall. (Complaint, ¶¶ 6-9).[3] Within moments, the fight was allegedly stopped by correction officers and the two inmates were handcuffed. (Id., ¶ 9-10). Plaintiff alleges that Defendant C.O. Nagy, who was stationed in the mess hall's "Chemical Agent Booth," (id., ¶ 11), released chemical agent "without provocation" to the area "closest to the serving line" as one of the "restrained" inmate was being escorted out of the mess hall. (Id., ¶ 12). The other inmate was "hurriedly" brought to his feet and escorted out of the mess hall. (Id., ¶ 13).

Plaintiff alleges that the "fog from the chemical agent drifted around the mess hall," "result[ing] in the plaintiff coughing uncontrollably, his eyes tearing profusely, and vomiting at the table." (Id., ¶ 15). While prison guards, posted on the opposite side of the mess hall, were escorting groups of inmates out of the mess hall, another round of chemical agent was allegedly released "approximately a row of tables away from where plaintiff was seated ," (id., ¶ 16), causing Plaintiff's lungs and eyes to burn. (Id., ¶ 17). Several guards panicked, vacating their post by running out of the mess hall. (Id., ¶ 18). Several prisoners then rose from their seats and headed for the exit with their shirt collars covering their mouths and noses. (Id., ¶ 19). Plaintiff tried to use his shirt collar to cover his mouth and nose to no avail; he experienced burning to his eyes, nose, throat, and lungs with nose draining mucus. (Id., ¶ 20). Due to poor visibility and lack of direction from staff, prisoners allegedly got up and left the mess hall. (Id., ¶¶ 21-22). Plaintiff also tried to leave and was allegedly struck in the head, neck and back by another round of chemical

---

[2] Defendants recite the allegations for purposes of this motion only, without conceding their truth or plausibility.

[3] "Complaint" herein refers to the typewritten pages attached to the printed prisoner complaint form, the first page of which is entitled "COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983." (Dkt. No. 2).

2

agent allegedly released in the area by the entrance/exit of the mess hall. (Id., ¶¶24-25). As he was exiting, Plaintiff allegedly tripped over someone, falling and hitting his right knee, wrist, and elbow. (Id., ¶ 26). He was allegedly trampled before getting back to his feet. (Id.).

Plaintiff exited into the C&D yard, as that was the only gate unlocked. (Complaint, ¶ 27). As the day was hot, the sun allegedly made Plaintiff's skin burn. (Id., ¶ 28). In the yard, prison guards instructed the inmates to stand with their hands on the wall. (Id., ¶ 29-30). Plaintiff stood in that position for approximately one hour. (Id., ¶ 31-34). Plaintiff was then instructed to go to another yard, where he was instructed, in the corridor, to remove his shoe, socks, and clothing, remaining in his under shorts. (Id., ¶ 35-40). Plaintiff was then instructed to walk barefoot to the shower, where he took a 2 minute shower, rinsing himself off. (Id., ¶ 41-43). Some minutes later, Plaintiff walked to his housing unit in his wet under shorts. (Id., ¶ 44-49).

Plaintiff informed the nurse on the housing unit that he had been trampled and was experiencing pain in his right knee, wrist, and elbow arm, and back. (Complaint, ¶ 50). The nurse told Plaintiff to "go to sick call," since he looked "okay." (Id., ¶¶ 51). Later that evening, Plaintiff showered, rinsing his eyes. (Id., ¶ 52). That same night, Plaintiff signed up for sick call but was not able to see a nurse until August 5, 2015. (Id., ¶¶53-54). During his visit with the nurse, Plaintiff showed the nurse his alleged injuries and requested that photographs be taken; however, he was only given Ibuprofen, and no photographs were taken because there was no film. (Id., ¶¶ 54-55). Plaintiff also sought treatment from the mental health department at Green Haven for alleged mental trauma. (Id., ¶ 56).

Plaintiff seeks to recover damages against Defendant Cocuzza for allegedly "authorizing" Defendant Nagy's allegedly repeated use of the chemical agents on August 3, 2015. (Id., ¶ 60). Plaintiff further alleges that Defendant Cocuzza was deliberately indifferent because he had "actual and constructive notice" of Defendant Nagy's propensity to unnecessarily use force against inmates from unspecified "grievances and reports" but failed to take action. (Id., ¶ 63). Plaintiff

3

also seeks to recover damages against Defendant Griffin for his alleged negligent supervision of C.O. Nagy. (Id., ¶¶ 61, 64). Plaintiff alleges that Defendant Griffin had "actual and constructive notice" of Defendant Nagy's propensity to actual improperly towards inmates through unspecified "inmates['] reports and appeals." (Id., ¶ 64).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a] court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden, 594 F.3d at 161 (citing Iqbal, 556 U.S. at 679); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations omitted).

# ARGUMENT

## POINT I

### DEFENDANTS GRIFFIN AND COCUZZA WERE NOT PERSONALLY INVOLVED IN ANY ALLEGED CONSTITUTIONAL DEPRIVATIONS

Plaintiff does not allege sufficient facts to establish that Defendants Griffin and Cocuzza were personally involved in the alleged constitutional deprivations. It is settled law that "in order to establish a defendant's individual liability in a suit brought under § 1983, a Plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138-139 (2d Cir. 2013). "[A] Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. In the context of a prisoner's lawsuit, a Plaintiff must show "more than the linkage in the prison chain of command" to state a claim against a supervisory defendant. Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).

The Second Circuit had ruled that personal involvement of a supervisory defendant could be shown by evidence that: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Although the courts in this circuit are split on the continued viability of Colon, various district courts have determined that only two Colon factors survive. See Bellamy v. Mount Vernon Hosp., No. 07 Civ. 1801, 2009 WL 1835939, at *6 (S.D.N.Y. June 26, 2009) (first and third Colon

factors remain post-Iqbal), aff'd, 387 Fed. Appx. 55 (2d Cir. 2010); Spear v. Hugles, No. 08 Civ. 4026, 2009 WL 2176725, at *2 (S.D.N.Y. July 20, 2009) (same); but see Olutosin v. Lee, No. 14 Civ. 685, 2016 WL 2899275, at *13 (S.D.N.Y. May 16, 2016) (Román, J.) (recognizing the debate regarding the continued viability of the Colon factors); Rothenberg v. Daus, No. 08 Civ. 567, 2015 WL 1408655, at *4 (S.D.N.Y. Mar. 27, 2015) (same, collecting cases).

In the instant case, Plaintiff does not allege any plausible facts that would suggest Defendants Griffin and Cocuzza were personally involved in the alleged constitutional deprivations under any standard for supervisory liability. The Complaint is devoid of any facts sufficient to indicate that Griffin and Cocuzza were personally involved in the deployment of the chemical agent. (Complaint, ¶¶ 7-56). Griffin and Cocuzza's name appears for the first time in the penultimate paragraph of Plaintiff's recitation of the facts. (Id., ¶ 58). Plaintiff conclusorily alleges that they were the proximate cause of his injuries, (id., ¶58-59), without any factual development. However, conclusory allegations are not entitled to the presumption of truth, and Plaintiff's claims against these Defendants may be dismissed on this basis. See Samuels v. Fischer, 168 F. Supp. 3d 625, 636 (S.D.N.Y. 2016) ("the Supreme Court has made clear, conclusory . . . allegations are disentitled . . . to the presumption of truth") (citing Iqbal, 556 U.S. at 681). Similarly, Plaintiff's conclusory allegation that Defendant Cocuzza authorized the release of the chemical agent, (Complaint, ¶ 61), is meritless. He fails to offer any factual support for this allegation. Thus, these wholly conclusory allegations do not identify any facts to suggest that Defendants Griffin and Cocuzza were personally involved in any alleged deprivation of Plaintiff's constitutional rights.

Plaintiff attempts to impute knowledge of Defendant Nagy's inappropriate conduct to Defendants Griffin and Cocuzza by alleging that they were on notice of C.O. Nagy's alleged past improper use of excessive force from unspecified prior grievances, reports and appeals.

(Complaint, ¶¶ 61, 63, 64). Plaintiff does not give any further details, and does not allege similar incidents – e.g. concerning the use of chemical agents. However, "[a]mple Second Circuit case law makes clear that a Plaintiff does not state a claim where he alleges only that a supervisory official received reports of wrongdoing." Samuels, 168 F. Supp. 3d at 637 (citations omitted). Mere "knowledge and acquiescence" of unconstitutional conduct, or mere failure to act on a complaint, without more, fails to state a claim against a Section 1983 defendant. Faulk v. N.Y. City Dep't of Corr., No. 08 Civ. 01668, 2014 WL 239708 (S.D.N.Y. Jan. 21, 2014) (citing Iqbal, 556 U.S. at 677); Sanders v. City of New York, No. 14 Civ. 6156, 2016 WL 1023318, at *3 (S.D.N.Y. Mar. 8, 2016); Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) (DOCCS Commissioner was not personally involved just because Plaintiff wrote him complaint letters); Mateo v. Fischer, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010) ("[T]he receipt of letters or grievances, by itself, does not amount to personal involvement.").

    Neither is "mere linkage in the prison chain of command [sufficient] to implicate a commissioner of corrections or a prison superintendent in a §1983 claim." Styles v. Goord, 431 Fed. Appx. 31, 33 (2d Cir. 2011) (quoting Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003)). Further, "conclusory, unsupported allegations of gross negligence or the existence of a policy are simply insufficient to establish liability of supervisory prison officials under §1983." Alsaifullah v. Furco, No. 12 Civ. 2907, 2013 WL 3972514, at *16 (S.D.N.Y. Aug. 2, 2013) (citations and internal quotations marks omitted); accord McNaughton v. de Blasio, No. 14 Civ. 221, 2015 WL 468890, at *6 (S.D.N.Y. Feb. 4, 2015). Merely reciting the wording of the Colon factors is insufficient to state a claim without "factual development." Samuels, 168 F. Supp. 3d at 636. Indeed, in another case involving a claim against Defendant Griffin for the same incident, the court granted summary judgment dismissing plaintiff's supervisory liability claim. See Burns v. Griffin,

No. 16 Civ. 782, 2018 WL 3059655, at * 7 (S.D.N.Y. June 20, 2018) (Griffin was not directly involved in the incident and "cannot be held liable for merely reviewing [grievances]"). Accordingly, these Defendants must be dismissed for lack of personal involvement.

## POINT II

### PLAINTIFF'S CLAIMS FOR MONETARY DAMAGES AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT

To the extent Plaintiff alleges § 1983 claims against Defendants Griffin, Cocuzza, and Nagy in their official capacities, such claims must be dismissed. It is well settled, that a Plaintiff cannot sue a state officer or employee in his or her official capacity for monetary damages under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (a suit under § 1983 against a state official in his or her official capacity is deemed to be against the state, and is thus barred); see also Huminski v. Corsones, 386 F.3d 116, 133 (2d Cir. 2004); Kentucky v. Graham, 473 U.S. 159, 168-170 (1985). Therefore, to the extent that Plaintiff seeks to bring his claims for monetary damages against Defendants Griffin, Cocuzza, and Nagy in their official capacities, the claim must be dismissed.

## POINT III

### PLAINTIFF'S INJUNCTIVE RELIEF CLAIM FAILS

Plaintiff's request for injunctive relief should be denied. (Complaint, ¶ Damages, p. 22).[4] To obtain permanent injunctive relief, Plaintiff must establish that he will suffer irreparable harm should the injunction be denied, as well as actual success on the merits of his claim. See Ognibene v. Parkes, 671 F.3d 174, 182 (2d Cir. 2012). Irreparable harm requires an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of

---

[4] References to page numbers in the Complaint correspond to the ECF pagination on the top of the documents as they appear on the docket.

monetary damages." Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (internal quotation marks omitted)). The standard for a permanent injunction is essentially the same as for a preliminary injunction, except that a Plaintiff must establish actual success on the merits for permanent injunctive relief rather than a likelihood of success on the merits for preliminary injunctive relief. See Amoco Prod. Co. v. Vill. of Gambell, AK, 480 U.S. 531, 546 n. 12 (1987).

Here, Plaintiff fails to allege facts to plausibly establish that he will suffer any actual injury if this relief is denied. To constitute irreparable harm, an injury must be actual and imminent, not merely possible. Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005) (injury cannot be "remote nor speculative, but actual and imminent"). Plaintiff offers nothing but speculation as to future reprisals. (Complaint, ¶ Damages, p. 22). However, speculation of future injury is not sufficient to establish an entitlement to the relief requested. Freedom Holdings, Inc., 408 F.3d at 114. In any event, Plaintiff's request for such an injunction is barred by the Eleventh Amendment because there is no alleged ongoing constitutional violation. See Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 255 (2011). Accord, e.g., Henrius v. Cty. of Nassau, No. 13 Civ. 1192, 2016 WL 1171598, at *4 (E.D.N.Y. Mar. 24, 2016) (Eleventh Amendment barred Plaintiff's claims for injunctive relief where there was no on ongoing violations of federal law). Here, there is no ongoing constitutional violation alleged and the Court thus lacks subject matter jurisdiction over the injunction claims. Id. Moreover, the requested injunction is too vague to be entertained. Clark v. DiNapoli, 510 Fed. Appx. 49, 51 (2d Cir. 2013) (summary order). Therefore, to the extent made, Plaintiff's claim for injunctive relief against Defendants Griffin, Cocuzza, and Nagy should be denied.

# POINT IV

## DEFENDANTS GRIFFIN AND COCUZZA ARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity is "an immunity from suit rather than a mere defense to liability," the "driving force" for which is "a desire to ensure that insubstantial claims against government officials [will] be resolved prior to discovery." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quotations omitted). The Second Circuit has instructed that "[t]he issues on qualified immunity are: (1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (citing Taravella v. Town of Wolcott, 599 F.3d 129, 133-134 (2d Cir. 2010)). With respect to supervisors, both the underlying violation and the theory of supervisory liability must be clearly established. Poe v. Leonard, 282 F.3d 123, 134, 140 (2d Cir. 2002).

Here, as set forth above, Plaintiff has failed to allege a viable claim against Defendants Griffin and Cocuzza. See Points I, supra. Because there is no constitutional violation alleged against them, there is, by definition, no allegation that Griffin and Cocuzza violated a constitutional right that was clearly established at the time of the alleged incident and Griffin and Cocuzza are entitled to qualified immunity for this reason alone. See Iqbal, 566 U.S. at 672-673; Spavone v. NYS Dep't of Corr. Servs., 719 F.3d 127, 135-136 (2d Cir. 2013) (defendant is "entitled to qualified immunity" if he is not personally involved). And, the allegations certainly are insufficient to allege that officials in their position could not have objectively reasonably believed their conduct did not violate clearly established federal law, as there are no allegations that they were aware of a serious risk to Plaintiff's health and safety from Nagy using chemical agents. Accordingly,

Griffin and Cocuzza are entitled to qualified immunity.

## **CONCLUSION**

For all the foregoing reasons, Defendants Griffin, Cocuzza, and Nagy respectfully request that the Court grant their motion to partially dismiss the Complaint.

Dated: New York, New York
       March 8, 2019

                                               Respectfully submitted,

                                               LETITIA JAMES
                                               Attorney General of the
                                               State of New York
                                               <u>Attorney for Defendants</u>

                                               By:     /s/
                                               JULINDA DAWKINS
                                               Assistant Attorney General
                                               28 Liberty Street - 18th Floor
                                               New York, New York 10005
                                               (212) 416-8118