USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MALCOLM BAPTISTE,

        Plaintiff,       18 cv 7274 (NSR)

  -v-             ORDER

MICHAEL T. NAGY,

        Defendant.
------------------------------------------------------------------------X

Román, D.J.:

  On August 10, 2018, *pro se* Plaintiff Malcolm Baptiste ("Plaintiff") commenced the instant action, bringing claims pursuant to 42 U.S.C. § 1983 against Defendant Michael T. Nagy ("Defendant") and others. (ECF No. 2.) On October 13, 2019, the Court dismissed all claims except an excessive force claim against Defendant. (ECF No. 23.) On January 23, 2020, the action was referred to Magistrate Judge Paul E. Davison for general pretrial purposes, including discovery. (ECF No. 29.)

  On February 12, 2021, the parties appeared before this Court for a telephonic status conference and indicated that discovery was complete. Plaintiff did not indicate any outstanding discovery issues. Defendant was granted leave to file a motion for summary judgment and a briefing schedule was set. On March 26, 2021, the Court granted Defendant's request to extend the briefing schedule. (ECF No. 50.)

  On April 28, 2021, the Court received Plaintiff's motion for appointment of pro bono counsel. (ECF No. 28.) On April 30, 2021, the Court received Plaintiff's motion seeking reconsideration of an oral discovery ruling Judge Davison made on October 14, 2020. (ECF No.

59.) On May 6, 2021, Defendant filed opposition to Plaintiff's motion seeking reconsideration of Judge Davison's discovery ruling. (ECF No. 60.) On May 21, 2021, the Court received Plaintiff's motion pursuant to Rule 56(d) and a request for an extension of the summary judgment briefing schedule. (ECF No. 61.)

Plaintiff's motion for appointment of pro bono counsel is DENIED, without prejudice to renew at a later date. Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308-09 (1989). Instead, pursuant to 28 U.S.C. § 1915 (e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). At this stage of the litigation, Plaintiff has failed to demonstrate that his position is "likely to be of substance," *Hodge*, 802 F.2d at 61. Therefore, the Court denies Plaintiff's motion, without prejudice to renew at a later date.

The briefing schedule for Defendant's motion for summary judgment is STAYED. Plaintiff is granted leave to go before Judge Davison for the limited purpose of reopening discovery to hear Plaintiff's reconsideration motion, provided that Plaintiff's time to object to Judge Davison's ruling has not yet expired.

Following resolution of the discovery issue, the parties are directed to notify the Court within seven (7) days and the Court will issue a revised briefing schedule for Defendant's motion for summary judgment. The Clerk of the Court is directed to terminate the motion at ECF Nos. 59 and 61, mail a copy of this order to *pro se* Plaintiff, and show service on the docket.

    SO ORDERED.

Dated: May 25, 2021
       New York, New York

                                              Nelson S. Román
                                              United States District Judge