Copies mailed 7/23/21
Chambers of Judge Davison

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAPTISTE,

                            **Plaintiffs**

    - *against* -

NAGY,

                            **Defendant.**

**ORDER**

18 Civ. 7274 (NSR) (PED)

**PAUL E. DAVISON, U.S.M.J.:**

    Discovery in this matter proceeded under my supervision between January 23, 2020 and January 11, 2021. On April 19, 2021, plaintiff *pro se* filed a letter motion seeking reconsideration of oral rulings this Court made during a telephonic discovery hearing on October 14, 2020. [Dkt. 59.] By Order dated May 25, 2021, Judge Román remanded this matter to the undersigned "for the limited purpose of reopening discovery to hear Plaintiff's reconsideration motion, provided that Plaintiff's time to object to Judge Davison's ruling has not yet expired." [Dkt. 62, p.2.]

    This Court convened a telephonic hearing on June 11, 2021, and the parties have submitted additional letter briefs on the issues presented. [Dkts. 64-67.] For the reasons outlined below, Plaintiff's motion for reconsideration is **DENIED**.

    Plaintiff's motion is untimely. Motions for reconsideration are governed by Rule 6.3 of the Local Civil Rules for the Southern and Eastern Districts of New York ["Motions for Reconsideration or Reargument"], which provides that such motions "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion[.]" Given that plaintiff's motion was submitted to Judge Román, the motion could also be construed as an application for review of a nondispositive ruling by a Magistrate Judge pursuant to Rule 72(a) of

the Federal Rules of Civil Procedure. But that rule likewise provides that objections must be filed and served "within 14 days" after the ruling. Thus, under either rule, plaintiff's time to seek review of this Court's October 14, 2020 discovery rulings had long expired by the time plaintiff submitted his motion in April 2021.

Plaintiff implies that he delayed seeking reconsideration because he was waiting for a "written decision[.]" [Dkt. 59, p. 1.]. But this Court routinely renders oral decisions on discovery matters, and there is nothing on the record to indicate that a further, written decision would be forthcoming.[1] [*See* Minute entry, Oct. 14, 2020 ("Rulings issued re: all outstanding discovery disputes.")] The Court's comments during the October 14 discovery hearing were to the same effect. [*See* Dkt. 46 (October 14, 2020 Transcript), pp. 13 ("That's my ruling."), 15 ("You have my ruling.")] Moreover, the Court notes that, to the extent Plaintiff claims he was in doubt as to decisional timing or the procedure for seeking review, plaintiff did not inquire about these matters at subsequent conferences before this Court on November 20, 2020 and January 11, 2021, nor did he object to defense counsel's representation at the January 11 conference that discovery had been completed. [*See also* Minute entry, Feb. 12, 2021 ("All discovery is completed.")] On this record, and even making allowances for plaintiff's *pro se* status, plaintiff has not justified his six-month delay in seeking reconsideration or Rule 72(a) review.

Although I do not revisit the merits of my underlying discovery rulings, I note that, as defense counsel observes, the Court's rulings "were predominately in Plaintiff's favor" with

---

[1] Local Civil Rule 6.2 [Orders on Motions] specifies that an "oral decision" shall "constitute the order unless the . . . oral decision directs the submission or settlement of an order in more extended form. The notation in the docket of a memorandum or of an oral decision that does not direct the submission or settlement of an order in more extended form shall constitute the entry of the order."

regard to training and grievance records, as well as documentation regarding the chemical agent which was deployed. [Dkt. 60, pp. 1-2; *see also* Dkt. 46 (October 14, 2020 Transcript setting forth rulings.)] However, the Court stipulated that although the plaintiff would be permitted to read these materials and take notes, he could not retain copies or keep them in his cell.[2] I note that Courts have often specified such "controlled reviews" of sensitive documents in prisoner cases in an effort to strike a balance between inmate-plaintiffs' discovery rights and the unique security concerns applicable to correctional facilities. *See, e.g., Cardew v. Fleetwood*, No. 98 Civ. 4704 (NRD)(DFE), 2000 U.S.Dist. LEXIS 3807 at *2 (S.D.N.Y. Mar. 27, 2000)(adopting controlled review as "reasonable, practical solution" in DOCS case)(copy mailed to plaintiff).

Plaintiff's underlying complaint appears to be that he has not received the same access to DOCS materials as did plaintiff's attorneys in *Culbreath v. Griffin,*, 17 Civ. 3406 (KMK), another pending case involving the same underlying incident at Green Haven.[3] There is no question that *pro se* litigants are at a disadvantage relative to litigants who have counsel, and that the disadvantages are even greater whether the *pro se* litigant is confined to prison. But the law

---

[2]Defense counsel must, upon request, provide any or all documents presented to plaintiff upon "controlled review" to the Court for consideration in connection with summary judgement or other motion practice, and shall make the documents available to plaintiff for use at trial.

[3]Plaintiff also seeks a report prepared by an expert, Dr. Jonathan Borak, who was engaged by plaintiff's *pro bono* counsel in the *Culbreath* matter. Based on plaintiff's *in forma pauperis* status, the Court assumes that plaintiff is not in a position to engage Dr. Borak or another expert witness, so the report would presumably be inadmissible hearsay even if plaintiff had it and sought to introduce it at trial. [Dkts. 1, 4.] In any event, defense counsel represents that the Borak expert report is covered by a protective order in the *Culbreath* case, which stipulates that (with non-pertinent exceptions) covered materials "shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS." *Culbreath v. Griffin,*, 17 Civ. 3406 (KMK)(AEK), ECF Dkt. 59, p. 5. This Court will not circumvent that proviso by ordering production to plaintiff Baptiste of a document which has been explicitly withheld from plaintiff Culbreath.

is clear that there is no entitlement to court-appointed counsel in civil cases, *see In Re Martin-Trigona*, 737 F.2 1254, 1260 (2d Cir. 1984), and the Court of Appeals has instructed that volunteer attorney time is a "precious commodity" and that applications to solicit *pro bono* counsel should not be granted "indiscriminately." *Cooper v. A. Sargenti Co.* 877 F.2d 2d 170, 172 (2d Cir. 1989). Applying the Second Circuit standards for *pro bono* referrals, Judge Román recently denied plaintiff's application for court appointed counsel, albeit without prejudice, so plaintiff must litigate within the constraints applicable to *pro se*/prisoner litigants. [Dkt. 62, p.2.]

Plaintiff's motion for reconsideration is **DENIED**. Defense counsel is directed to notify Judge Román within seven (7) days in accordance with Dkt. 62.

Dated: July 23, 2021
      White Plains, New York

**SO ORDERED**

Paul E. Davison, U.S.M.J.