UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2022
```

MALCOLM BAPTISTE,

               Plaintiff,

-against-

THOMAS GRIFFIN, et al.,

               Defendants.

18 Civ. 7274 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Malcom Baptiste, proceeding *pro se* and *in forma pauperis* ("IFP"), commenced this 42 U.S.C. § 1983 action through a Complaint filed on August 10, 2018. (ECF No. 2.) On October 31, 2019, the Court granted Defendants' Motion to Dismiss, but Plaintiff's Eighth Amendment excessive force claim against Defendant Nagy remained because Defendants did not move to dismiss that claim. (ECF No. 23.) The parties proceeded to exchange discovery, which they completed on February 12, 2021. On June 28, 2022, the Court denied Defendant Nagy's motion for summary judgment on the remaining claim. (ECF No. 112). During the Pretrial Conference held via teleconference on July 28, 2022, *pro se* Plaintiff orally requested the Court to appoint *pro bono* counsel to represent him in the forthcoming jury trial. For the reasons stated below, Plaintiff's request for pro bono counsel is GRANTED.

## LEGAL STANDARD

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60 – 61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply brightline rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks*, 114 F.3d at 392–93. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

As an initial matter, the Court has determined, based on a review of Plaintiff's IFP application, (ECF No. 4), that Plaintiff qualifies as indigent. Therefore, Plaintiff has satisfied the first *Hodge* factor.

2

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application.

To date, the only surviving claim from Plaintiff's Complaint is his § 1983 claim for excessive force under the Eighth Amendment against Defendant Nagy (Compl., ECF No. 2.) Defendant Nagy has already filed an Answer, (Answer, ECF No. 24), and as noted above, the parties have already completed exchanging discovery and a motion for summary judgment on the remaining claim has been denied. Therefore, the Court finds that Plaintiff's excessive force claim, having survived a motion for summary judgment and now proceeding to trial before a jury, is "likely to be of substance." *Hodge*, 802 F.2d at 62; *O'Diah v. TBTA-Triborough Bridge & Tunnel Auth.*, No. 19-CV-7586 (VSB), 2021 WL 3631121, at *1 (S.D.N.Y. July 16, 2021) (finding Eighth Amendment claims "likely of substance" after surviving motion to dismiss).

In addition, Plaintiff's ability to investigate his claims are likely limited due to his incarceration and potential difficulties surrounding Covid-19 protocols. There will also likely be conflicting evidence presented at the forthcoming jury trial that will implicate the need for cross-examination, such as evidence involving Plaintiff's medical records and the use of excessive force, which ultimately would be essential for proving liability and relevant to support Plaintiff's damages claim. *See Carno v. Correct Care, Inc.*, No. 17-CV-7998 (NSR), 2019 U.S. Dist. LEXIS 128613, at *4 (S.D.N.Y. July 31, 2019) (granting request for *pro bono* counsel in part because Plaintiff's claims related to medical and scientific issues). And lastly, the Court finds that in view of the above, because the case is proceeding to a jury trial, representation here would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request for pro bono counsel is GRANTED. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on

3

volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and the Plaintiff should be prepared to proceed with the case pro se with no delays.  Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.  The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants.   The Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* http://www.nysd.circ2.den/docs/prose/pro_bono_fund_order.pdf.

The Clerk of the Court is kindly directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF and show proof of service on the docket.

Dated:  August 11, 2022
           White Plains, New York

                                                                    _____
                                                                         NELSON S. ROMÁN
                                                                    United States District Judge

4